United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10755
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID REYNA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-20-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     David Reyna appeals his 24-month sentence following the
revocation of his supervised release.  Reyna argues that the
district court's departure from the recommended guidelines range
was unreasonable.  He also contends that the district court
provided inadequate justification for the sentence imposed.

     The sentence imposed, while in excess of the range
recommended by the guidelines, was within the statutory maximum
term.  See 18 U.S.C. § 3583(e)(3).  Reyna has not shown that his
24-month sentence was either unreasonable or plainly

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable.  See United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

Further, the record demonstrates that the district court did consider the relevant 18 U.S.C. § 3553(a) sentencing factors. The district court noted that it was familiar with Reyna's background and inquired into the disposition of the subsequent drug charge that primarily led to the revocation.  The district court also was concerned by Reyna's return to criminal activity within three months of his release to supervision.  The district court stated that it felt that Reyna's recidivism showed a disrespect for the law and that the recommended guidelines range was inadequate to address his conduct.  Thus, the record demonstrates that the district court considered the relevant sentencing factors and articulated sufficient reasons to support the sentence.  See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

AFFIRMED.